**FILED**
**DECEMBER 6, 2007**
MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

**07 C 6902**

| | |
|---|---|
| Jeanette Adams<br>3859 North Odell, Rear House<br>Chicago, IL 60634<br><br>         Plaintiff,<br><br>v.<br><br>Central Credit Services, Inc.<br>c/o Peter Durante, Registered Agent<br>67 Charleston Square<br>St. Charles, MO 63304<br><br>         Defendant. | CASE NO.:<br><br>JUDGE:<br><br><br><br><br>**COMPLAINT FOR DAMAGES<br>UNDER THE FAIR DEBT<br>COLLECTION PRACTICES ACT<br>AND OTHER EQUITABLE RELIEF**<br><br>**JURY DEMAND ENDORSED HEREIN** |

**JUDGE ASPEN**
**MAGISTRATE JUDGE DENLOW**

### JURISDICTION AND VENUE

1. Jurisdiction is founded on 28 U.S.C. §1331 pursuant to the Fair Debt Collection Practices Act (FDCPA), 15 U.S.C. §1692. Venue is proper in this district because this is the judicial district where all of the events giving rise to the cause of action took place.

### FACTS COMMON TO ALL COUNTS

2. The Plaintiff is a person who incurred a consumer debt primarily for personal, family or household purposes.

3. Defendant is a corporation doing business primarily as a consumer debt collector.

4. Defendant is a debt collector as defined by the FDCPA, 15 U.S.C. §1692a(6).

5. The Plaintiff is a "consumer" as defined by 15 U.S.C. §1692a(3).

6. The debt in question qualifies as a "debt" as defined by 15 U.S.C. §1692a(5).

7. Defendant is either the holder of the debt or was retained by the current holder to collect the debt.

8. All of Defendant's actions occurred within one year of the date of this Complaint.

9. In or around July 2007, Defendant telephoned Plaintiff at Plaintiff's place of employment.

10. During the communication referenced immediately above, Plaintiff informed Defendant that Plaintiff was not permitted to receive personal telephone calls at work.

11. Despite this notice, Defendant telephoned Plaintiff at work multiple times in or around July 2007.

12. During several of the communications addressed above, Plaintiff reiterated that she could not receive Defendant's calls at work and stated that she could get into trouble with her employer if Defendant continued to call.

13. During at least one of these communications, Defendant responded to Plaintiff's notice by yelling that Plaintiff needed to pay her bills and stated that Defendant could call Plaintiff whenever and wherever Defendant wished until the bill was paid.

14. During several of these communications, Plaintiff would hang up the telephone after providing the above notice and Defendant would immediately telephone Plaintiff again at the same number.

15. On or around July 24, 2007 or July 25, 2007, Defendant telephoned Plaintiff at work and threatened to send garnishment papers to Plaintiff's employer.

16. At the time of the above communications, Defendant had not obtained a judgment against Plaintiff.

17. In or around July 2007, Plaintiff's employer reprimanded Plaintiff about the frequency of calls from Defendant and as a result, Plaintiff was in constant fear of losing her job.

18. On or around July 26, 2007, Plaintiff informed Defendant that Plaintiff was represented by an attorney for bankruptcy and provided the law firm's contact information.

19. Despite this notice, Defendant has contacted Plaintiff multiple times in or around July 2007.

20. Despite this notice, Defendant has contacted Plaintiff multiple times in or around August 2007.

21. Plaintiff is emotionally distraught and has been compelled to hire counsel to prosecute this action.

22. Defendant has damaged Plaintiff emotionally and mentally and has caused substantial anxiety and stress.

23. Defendant violated the FDCPA.

## COUNT ONE

### Violation of the Fair Debt Collections Practices Act

24. Plaintiff incorporates each of the preceding allegations as if specifically stated herein.

25. The Defendant violated 15 U.S.C. §1692c by calling Plaintiff at work after it was informed that Plaintiff did not want to receive and was not permitted to receive personal phone calls at work.

## COUNT TWO

### Violation of the Fair Debt Collections Practices Act

26. Plaintiff incorporates each of the preceding allegations as if specifically stated herein.

27. The Defendant violated 15 U.S.C. §1692c in that it contacted Plaintiff notwithstanding the fact that Plaintiff told Defendant that Plaintiff was represented by an attorney.

## COUNT THREE

### Violation of the Fair Debt Collections Practices Act

28. Plaintiff incorporates each of the preceding allegations as if specifically stated herein.

29. The Defendant violated 15 U.S.C. §1692e in that it threatened legal action where such action was not contemplated, and stated for the sole purpose of terrifying the Plaintiff.

## COUNT FOUR

### Violation of the Fair Debt Collections Practices Act

30. Plaintiff incorporates each of the preceding allegations as if specifically stated herein.

31. The Defendant violated 15 U.S.C. §1692e by making misrepresentations during its conversations with Plaintiff.

## JURY DEMAND

32. Plaintiff demands a trial by jury.

## PRAYER FOR RELIEF

33. Plaintiff prays for the following relief:

   a. Judgment against Defendant for actual damages, statutory damages pursuant to 15 U.S.C. §1692k and costs, and reasonable attorney's fees pursuant to 15 U.S.C. §1692k.

   b. For such other legal and/or equitable relief as the Court deems appropriate.

RESPECTFULLY SUBMITTED,

Legal Helpers, P.C.

By:   /Timothy J. Sostrin
   Timothy J. Sostrin
   Bar ID # 6290807
   Attorney for Plaintiff
   20 W. Kinzie Street, Suite 1300
   Chicago, IL 60610
   Telephone:  866-339-1156
   Email:  tjs@legalhelpers.com