UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| Jeanette Adams<br><br>       Plaintiff,<br><br>vs.<br><br>Central Credit Services, Inc.<br><br>       Defendant. | Case No. 07-C-6902<br><br>Judge Aspen<br>Magistrate Judge Denlow<br><br><br>**ANSWER TO PLAINTIFF'S<br>COMPLAINT FOR DAMAGES** |

Defendant Central Credit Services, Inc. ("CCS") as and for its Answer to the Complaint of Jeanette Adams ("Plaintiff"), in the above-entitled matter, denies each and every allegation contained therein, unless otherwise admitted or qualified herein, and states and alleges as follows:

**JURISDICTION AND VENUE**

<u>ALLEGATION NO. 1</u>:

Jurisdiction is founded on 28 U.S.C. §1331 pursuant to the Fair Debt Collection Practices Act (FDCPA), 15 U.S.C. §1692. Venue is proper in this district because this is the judicial district where all of the events giving rise to the cause of action took place.

<u>ANSWER NO. 1</u>:

In response to paragraph 1 of Plaintiff's Complaint, CCS admits that the statutes referenced confer jurisdiction but denies that it has violated any law subjecting it to the jurisdiction of this Honorable Court. To the extent jurisdiction is deemed appropriate, CCS admits that venue is proper but denies that it violated any law.

## FACTS COMMON TO ALL COUNTS

ALLEGATION NO. 2:

The Plaintiff is a person who incurred a consumer debt primarily for personal, family or household purposes.

ANSWER NO. 2:

CCS has insufficient information and knowledge to either admit or deny the allegations set forth in paragraph 2 of Plaintiff's Complaint, and therefore denies the same and puts Plaintiff to her strictest burden of proof thereof.

ALLEGATION NO. 3:

Defendant is a corporation doing business primarily as a consumer debt collector.

ANSWER NO. 3:

In response to Paragraph 3 of Plaintiff's Complaint, CCS admits that it is a corporation that attempts to collect debts.  CCS denies all other allegations.

ALLEGATION NO. 4:

Defendant is a debt collector as defined by the FDCPA, 15 U.S.C. §1692a(6).

ANSWER NO. 4:

CCS has insufficient information and knowledge to either admit or deny the allegations set forth in paragraph 4 of Plaintiff's Complaint, and therefore denies the same and puts Plaintiff to her strictest burden of proof thereof.

ALLEGATION NO. 5:

The Plaintiff is a "consumer" as defined by 15 U.S.C. §1692a(3).

ANSWER NO. 5:

CCS has insufficient information and knowledge to either admit or deny the allegations set forth in paragraph 5 of Plaintiff's Complaint, and therefore denies the same and puts Plaintiff to her strictest burden of proof thereof.

ALLEGATION NO. 6:

The debt in question qualifies as a "debt" as defined by 15 U.S.C. §1692a(5).

ANSWER NO. 6:

CCS has insufficient information and knowledge to either admit or deny the allegations set forth in paragraph 6 of Plaintiff's Complaint, and therefore denies the same and puts Plaintiff to her strictest burden of proof thereof.

ALLEGATION NO. 7:

Defendant is either the holder of the debt or was retained by the current holder to collect the debt.

ANSWER NO. 7:

In response to paragraph 7 of Plaintiff's Complaint, CCS denies that it is the holder of the account. To all other extents, CCS has insufficient information and knowledge to either admit or deny the remaining allegations and therefore denies the same.

ALLEGATION NO. 8:

All of Defendant's actions occurred within one year of the date of this Complaint.

ANSWER NO. 8:

CCS has insufficient information and knowledge to either admit or deny the allegations set forth in paragraph 8 of Plaintiff's Complaint because Plaintiff has not sufficiently defined

"All of Defendant's actions" so as to permit CCS to either admit or deny, and therefore CCS denies the same and puts Plaintiff to her strictest burden of proof thereof.

ALLEGATION NO. 9:

In or around July 2007, Defendant telephoned Plaintiff at Plaintiff's place of employment.

ANSWER NO. 9:

CCS has insufficient information and knowledge to either admit or deny the allegations set forth in paragraph 9 of Plaintiff's Complaint, and therefore denies the same and puts Plaintiff to her strictest burden of proof thereof.

ALLEGATION NO. 10:

During the communication referenced immediately above, Plaintiff informed Defendant that Plaintiff was not permitted to receive personal telephone calls at work.

ANSWER NO. 10:

CCS denies the allegations set forth in paragraph 10 of Plaintiff's Complaint, upon information and belief.

ALLEGATION NO. 11:

Despite this notice, Defendant telephoned Plaintiff at work multiple times in or around July 2007.

ANSWER NO. 11:

CCS denies the allegations set forth in paragraph 11 of Plaintiff's Complaint, upon information and belief.

ALLEGATION NO. 12:

During several of the communications addressed above, Plaintiff reiterated that she could not receive Defendant's calls at work and stated that she could get into trouble with her employer if Defendant continued to call.

ANSWER NO. 12:

CCS denies the allegations set forth in paragraph 12 of Plaintiff's Complaint, upon information and belief.

ALLEGATION NO. 13:

During at least one of these communications, Defendant responded to Plaintiff's notice by yelling that Plaintiff needed to pay her bills and stated that Defendant could call Plaintiff whenever and wherever Defendant wished until the bill was paid.

ANSWER NO. 13:

CCS denies the allegations set forth in paragraph 13 of Plaintiff's Complaint, upon information and belief.

ALLEGATION NO. 14:

During several of these communications, Plaintiff would hang up the telephone after providing the above notice and Defendant would immediately telephone Plaintiff again at the same number.

ANSWER NO. 14:

CCS denies the allegations set forth in paragraph 14 of Plaintiff's Complaint, upon information and belief.

ALLEGATION NO. 15:

On or around July 24, 2007 or July 25, 2007, Defendant telephoned Plaintiff at work and threatened to send garnishment papers to Plaintiff's employer.

ANSWER NO. 15:

CCS denies the allegations set forth in paragraph 15 of Plaintiff's Complaint, upon information and belief.

ALLEGATION NO. 16:

At the time of the above communications, Defendant had not obtained a judgment against Plaintiff.

ANSWER NO. 16:

In response to paragraph 16 of Plaintiff's Complaint, CCS states that to the extent such communications occurred as alleged, CCS had not obtained a judgment against Plaintiff.

ALLEGATION NO. 17:

In or around July 2007, Plaintiff's employer reprimanded Plaintiff about the frequency of calls from Defendant and as a result, Plaintiff was in constant fear of losing her job.

ANSWER NO. 17:

CCS has insufficient information and knowledge to either admit or deny the allegations set forth in paragraph 17 of Plaintiff's Complaint, and therefore denies the same and puts Plaintiff to her strictest burden of proof thereof.

ALLEGATION NO. 18:

On or around July 26, 2007, Plaintiff informed Defendant that Plaintiff was represented by an attorney for bankruptcy and provided the law firm's contact information.

ANSWER NO. 18:

CCS denies the allegations set forth in paragraph 18 of Plaintiff's Complaint, upon information and belief.

ALLEGATION NO. 19:

Despite this notice, Defendant has contacted Plaintiff multiple times in or around July 2007.

ANSWER NO. 19:

CCS denies the allegations set forth in paragraph 19 of Plaintiff's Complaint, upon information and belief.

ALLEGATION NO. 20:

Despite this notice, Defendant has contacted Plaintiff multiple times in or around August 2007.

ANSWER NO. 20:

CCS denies the allegations set forth in paragraph 20 of Plaintiff's Complaint, upon information and belief.

ALLEGATION NO. 21:

Plaintiff is emotionally distraught and has been compelled to hire counsel to prosecute this action.

ANSWER NO. 21:

CCS has insufficient information and knowledge to either admit or deny the allegations set forth in paragraph 21 of Plaintiff's Complaint, and therefore denies the same and puts Plaintiff to her strictest burden of proof thereof.

ALLEGATION NO. 22:

Defendant has damaged Plaintiff emotionally and mentally and has caused substantial anxiety and stress.

ANSWER NO. 22:

CCS denies the allegations set forth in paragraph 22 of Plaintiff's Complaint.

ALLEGATION NO. 23:

Defendant violated the FDCPA.

ANSWER NO. 23:

CCS denies the allegations set forth in paragraph 23 of Plaintiff's Complaint.

**COUNT ONE**

**Violation of the Fair Debt Collections Practices Act**

ALLEGATION NO. 24:

Plaintiff incorporates each of the preceding allegations as if specifically stated herein.

ANSWER NO. 24:

CCS restates and realleges paragraphs 1 through 23 as though fully stated herein.

ALLEGATION NO. 25:

The Defendant violated 15 U.S.C. § 1692c by calling Plaintiff at work after it was informed that Plaintiff did not want to receive and was not permitted to receive personal phone calls at work.

ANSWER NO. 25:

CCS denies the allegations set forth in paragraph 25 of Plaintiff's Complaint.

## COUNT TWO

### Violation of the Fair Debt Collections Practices Act

ALLEGATION NO. 26:

Plaintiff incorporates each of the preceding allegations as if specifically stated herein.

ANSWER NO. 26:

CCS restates and realleges paragraphs 1 through 25 as though fully stated herein.

ALLEGATION NO. 27:

The Defendant violated 15 U.S.C. §1692c in that it contacted Plaintiff notwithstanding the fact that Plaintiff told Defendant that Plaintiff was represented by an attorney.

ANSWER NO. 27:

CCS denies the allegations set forth in paragraph 27 of Plaintiff's Complaint.

## COUNT THREE

### Violation of the Fair Debt Collections Practices Act

ALLEGATION NO. 28:

Plaintiff incorporates each of the preceding allegations as if specifically stated herein.

ANSWER NO. 28:

CCS restates and realleges paragraphs 1 through 27 as though fully stated herein.

ALLEGATION NO. 29:

The Defendant violated 15 U.S.C. §1692e in that it threatened legal action where such action was not contemplated, and stated for the sole purpose of terrifying the Plaintiff.

ANSWER NO. 29:

CCS denies the allegations set forth in paragraph 29 of Plaintiff's Complaint.

## COUNT FOUR

**Violation of the Fair Debt Collections Practices Act**

ALLEGATION NO. 30:

Plaintiff incorporates each of the preceding allegations as if specifically stated herein.

ANSWER NO. 30:

CCS restates and realleges paragraphs 1 through 29 as though fully stated herein.

ALLEGATION NO. 31:

The Defendant violated 15 U.S.C. §1692e by making misrepresentations during its conversations with Plaintiff.

ANSWER NO. 31:

CCS denies the allegations set forth in paragraph 31 of Plaintiff's Complaint.

**JURY DEMAND**

ALLEGATION NO. 32:

Plaintiff demands a trial by jury.

ANSWER NO. 32:

In response to paragraph 32 of Plaintiff's Complaint, CCS admits that Plaintiff demand a trial by jury but denies that a jury trial is appropriate as there has been no violation of law.

**PRAYER FOR RELIEF**

ALLEGATION NO. 33:

Plaintiff prays for the following relief:

a. Judgment against Defendant for actual damages, statutory damages pursuant to 15 U.S.C. §1692k and costs, and reasonable attorney's fees pursuant to 15 U.S.C. §1692k.

b. For such other legal and/or equitable relief as the Court deems appropriate.

ANSWER NO. 33:

In response to paragraph 33 of Plaintiff's Complaint, CCS admits that Plaintiff seeks the relief set forth but denies that such relief is appropriate as there has been no violation of law.

## AFFIRMATIVE DEFENSES

### FIRST DEFENSE

Plaintiff's Complaint fails to states a cause of action upon which relief may be granted.

### SECOND DEFENSE

Any violation of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq., if applicable, which CCS denies, was not intentional and was the result of a bona fide error notwithstanding the maintenance of procedures reasonably adapted to avoid any such error.

### THIRD DEFENSE

Upon information and belief, Plaintiff may be contractually obligated to arbitrate any dispute, claim or controversy which arises out of the subject matter set forth in the instant litigation.

**WHEREFORE,** CCS prays for an order and judgment of this Court in its favor against Plaintiff as follows:

1. Dismissing all causes of action against CCS with prejudice and on the merits; and,

2. Awarding CCS such other and further relief as the Court deems just and equitable.

Dated: March 10, 2008

          Respectfully Submitted,

          CENTRAL CREDIT SERVICES, INC.

          By:    /s/ J. Michael True
                  Attorney # 6279941
                  Attorney for Defendant
                  Messer & Stilp, Ltd. #36703
                  166 W. Washington, Suite 300
                  Chicago, IL 60602
                  (312) 334-FIRM (3476)
                  (312) 334-3404 (Fax)
                  true@messerstilp.com

CERTIFICATE OF SERVICE

I hereby certify that on March 10, 2008, I electronically filed the foregoing with the Clerk of the District Court using the CM/ECF system, which will send notification of such filing to the following:

    Attorney for Plaintiff
    Timothy J. Sostrin
    20 W. Kinzie St., Suite 1300
    Chicago, IL 60610
    (866) 339-1156
    tjs@legalhelpers.com


    /s/ J. Michael True
    Attorney # 6279941
    Attorney for Defendant
    Messer & Stilp, Ltd. #36703
    166 W. Washington, Suite 300
    Chicago, IL 60602
    (312) 334-FIRM (3476)
    (312) 334-3404 (Fax)
    true@messerstilp.com